# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
November 5, 2015

Lyle W. Cayce
Clerk

No. 15-50003
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LUIS MENDOZA-LOPEZ, also known as Luis Jamie Mendoza-Lopez,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:14-CR-455-1

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Luis Mendoza-Lopez was convicted of illegal reentry and received an above-guidelines sentence of 40 months of imprisonment followed by a three-year term of supervised release. On appeal, he argues that his sentence was substantively unreasonable because it was greater than necessary to satisfy the sentencing goals of 18 U.S.C. § 3553(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50003

We review sentences for reasonableness, first ensuring that the sentencing court committed no significant procedural error and then reviewing the substantive reasonableness of the sentence under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 49-51 (2007). However, as Mendoza-Lopez failed to object to the reasonableness of his sentence below, review is for plain error. *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). To demonstrate plain error, Mendoza-Lopez must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

Where, as here, the district court varies or departs upward from the guidelines range, we must determine whether the sentence "unreasonably fails to reflect" the § 3553(a) sentencing factors. *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). When imposing sentence, the district court assessed the facts and provided specific reasons consistent with the § 3553(a) factors to support its determination that a sentence outside of the guidelines range was necessary to achieve the goals of sentencing. *See Smith*, 440 F.3d at 707. The district court was particularly concerned with Mendoza-Lopez's "extensive" criminal history, which included, among others, an uncounted conviction for possession with intent to distribute methamphetamine and cocaine. We have affirmed upward variances or departures based on a defendant's criminal history and uncounted convictions. *See United States v. Brantley*, 537 F.3d 347, 350 (5th Cir. 2008). The district court also took Mendoza-Lopez's mitigation argument into account when sentencing him. Nothing required the district court to give dispositive weight to the mitigating factors that Mendoza-Lopez advanced. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 807

No. 15-50003

(5th Cir. 2008)).   Finally, Mendoza-Lopez's double counting argument is foreclosed, *see United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009), as is his substantive reasonableness challenge based on the alleged lack of seriousness of illegal reentry, *see United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008).   Given the above, Mendoza-Lopez has not shown plain error.  *See Puckett*, 556 U.S. at 135.

AFFIRMED.